UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THE HUNTINGTON NATIONAL BANK,<br><br>    Plaintiff,<br><br>v.<br><br>LIGHTHART ENTERPRISES LLC, LIGHTHART HVAC INC., DANIEL LIGHTHART, LAUREN LIGHTHART, D.R. KOHLMAN, INC., and MARY JO NEUMANN,<br><br>    Defendants. | Case No. 22-CV-1406-JPS<br><br><br>**ORDER** |

  Plaintiff The Huntington National Bank ("Plaintiff") is a national banking association. ECF No. 1 at 1. Defendants Lighthart Enterprises LLC and Lighthart HVAC Inc. (the "Lighthart Defendants") are Wisconsin companies with principal places of business at 1117 Church Street, Saint Cloud, Wisconsin 53079 (the "Property"). *Id.* Defendants Lauren Lighthart and Daniel Lighthart (the "Individual Lightharts") were named in this action "solely to foreclose any interest in the subject real estate"; Plaintiff "is not seeking a money judgment" against them. *Id.* at 1–2. Defendant D.R. Kohlman, Inc. ("D.R. Kohlman") is a Wisconsin corporation, which was named in this action because it is named in the December 31, 2020 mortgage (discussed further *infra*), though its interests, if any, "are subordinate and inferior to the lien and interest of Plaintiff." *Id.* at 2. Defendant Mary Jo Neumann ("Neumann") is an individual domiciled in Fond du Lac, Wisconsin, who was named in this action "solely to foreclose any interest in the subject real estate" due to a pending judgment in her favor against

Defendant Lighthart HVAC, Inc.; her interest, if any, is "subordinate and inferior to the lien and interest of Plaintiff." *Id.*

On December 31, 2020, Plaintiff made a loan to the Lighthart Defendants, which loan was evidenced by a December 31, 2020 note. *Id.* at 3. The note was secured by a December 31, 2020 mortgage against the Property, as well as by a December 31, 2020 security agreement granting Plaintiff a lien on certain personal property of the Lighthart Defendants. *Id.* On December 31, 2020, Plaintiff made a second loan to Defendant Lighthart HVAC Inc., which loan was increased on March 10, 2021 and secured by a March 10, 2021 note. *Id.* at 3–4. The March 10, 2021 note was secured by a security agreement from Defendant Lighthart HVAC Inc. in favor of Plaintiff, dated December 31, 2020. *Id.* at 4. The Lighthart Defendants allowed default to occur under the notes, mortgage, and security agreements. *Id.*

This action followed. On November 28, 2022, Plaintiff filed this action for (1) foreclosure of mortgage, (2) breach of the first note, (3) breach of the second note, and (4) replevin. *Id.* at 4–9. Now before the Court are Plaintiff's (1) motion to appoint Matthew Brash of Newpoint Advisors Corporation as receiver for real and personal property of the Lighthart Defendants (the "Receiver Motion"), and (2) Plaintiff's motion to voluntarily dismiss the Individual Lightharts (the "Dismissal Motion"). ECF Nos. 18, 19.[1] The Lighthart Defendants and D.R. Kohlman do not

---

[1] Plaintiff has also filed a motion for judgment of foreclosure, ECF No. 17, which the Court addresses by separately entered Findings of Fact and Conclusions of Law, Order, and Judgment.

oppose, and are in agreement with, the Receiver Motion. ECF No. 19 at 1. No party has filed an opposition to the Dismissal Motion.

Neumann was personally served with the summons and complaint on December 8, 2022, ECF No. 16 at 2, and never responded. Neumann is not "a party against whom a judgment for affirmative relief is sought" within the purview of Federal Rule of Civil Procedure 55; she was named in this case solely because of her judgment against Defendant Lighthart HVAC, Inc. Service of the summons and complaint provided her with the ability to appear and protect her interest; she has not. Moreover, the time allotted by the Local Rules to respond to the Receiver Motion and the Dismissal Motion has passed. Civ. L.R. 7(b). For all of those reasons, the Court determines that Neumann has waived her opportunity to oppose the Receiver Motion and the Dismissal Motion.

Upon consideration of both the unopposed Receiver Motion and Dismissal Motion, the Court will grant them.

As to the Receiver Motion, Plaintiff explains that, in addition to the Lighthart Defendants stipulating to the appointment of a receiver, the mortgage and security agreement grant Plaintiff the right to the appointment of a receiver. ECF No. 19 at 3. "Federal courts have an inherent equitable power to appoint a receiver to manage a defendant's assets during the pendency of litigation." *Matter of McGaughey*, 24 F.3d 904, 907 (7th Cir. 1994); *see also* Fed. R. Civ. P. 66. "[T]he primary consideration in determining whether to appoint a receiver is the necessity to protect, conserve and administer property pending final disposition of a suit." *McGaughey*, 24 F.3d at 907. To the extent Wisconsin law steps in to gap fill, *see Fed. Home Loan Mortg. Corp. v. Riverdale Bank*, No. 92 C 1332, 1992 WL

73539, at *6 n. 1 (N.D. Ill. Mar. 27, 1992), Wis. Stat. § 813.16 provides that "A receiver may be appointed . . . when the applying party establishes an apparent right to or interest in property which is the subject of the action and which is in the possession of an adverse party, and the property or its rents and profits are in danger of being lost of materially impaired." The Court finds the considerations of federal common law and Wisconsin law met here.

As to the Dismissal Motion, in light of all parties' agreement and/or non-opposition, and because the Individual Lightharts have not served either an answer or a motion for summary judgment, the motion will be granted. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

Accordingly,

**IT IS ORDERED** that Plaintiff's agreed and/or unopposed motion to appoint Matthew Brash of Newpoint Advisors Corporation as receiver for real and personal property of Defendants Lighthart Enterprises LLC and Lighthart HVAC Inc., ECF No. 19, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's agreed and/or unopposed motion to voluntarily dismiss Defendants Lauren Lighthart and Daniel Lighthart, ECF No. 18, be and the same is hereby **GRANTED**; Defendants Lauren Lighthart and Daniel Lighthart be and the same are hereby **DISMISSED** from this action; and

**IT IS FURTHER ORDERED** that:

1. Matthew Brash of Newpoint Advisors Corporation, not personally but solely as court appointed receiver (the "Receiver"), is qualified to act as Receiver in this action, and to take possession, custody, and control of: (a) the real property located at, and commonly known as

1117 Church Street, Saint Cloud, WI 53079 (the "Property") and (b) the personal property described in ECF No. 19 at 7–9 (Ex. 1) together with any additional non-real property assets owned by Lighthart Enterprises LLC and Lighthart HVAC Inc., collectively referred to as "Collateral"

    2.    Matthew Brash of Newpoint Advisors Corporation is hereby appointed Receiver for the Property and Collateral.

    3.    The Receiver is appointed for the purposes of (a) securing and preserving the Property and Collateral, and (b) selling the Property and Collateral. The Receiver is granted all powers and duties attendant to a receiver under federal law and under Section 813.16(1) of the Wisconsin Statutes necessary to carry out these actions including but not limited to, the powers and duties set forth in this Order. All powers and duties of the Receiver set forth herein may be undertaken or executed without prior Court approval unless otherwise designated.

    4.    The Receiver shall have the right to sole and exclusive possession of the Property and Collateral.

    5.    The Receiver shall have the authority to market and sell the Property and Collateral. The Receiver shall seek leave of Court for approval and confirmation of the price and terms of any proposed sale.

    6.    Within **five (5) business days** after the entry of this Order, Lighthart Enterprises LLC and Lighthart HVAC Inc. ("Borrowers) shall turn over to the Receiver, documents which relate in any way to the following:

        a. Income collected for the Property and Collateral after the effective date of this order;

b. Contracts, documents, and agreements relating to accounts receivable and payable, operation, management, sale, leasing and/or control of the Property and Collateral;

c. All documents such as insurance policies, real estate taxes, notices and/or bills which concern the Property and Collateral in any way;

d. Documents relating to the Property's condition, operation and maintenance or relating to any persons employed to maintain, secure or repair the Property and Collateral;

e. A list by case name and number of all current litigation or regulatory proceedings which involve the Property and Collateral including, but not limited to: (i) abatement of taxes or reduction of assessments, (ii) mechanics lien claims, (iii) building code violations or zoning enforcement action; and (iv) any other litigation or legal or related proceedings;

f. All keys needed to operate, repair and/or maintain the Property and Collateral; and

g. A list of all tenants and their payment history for the last two (2) years.

7. Borrowers shall promptly and fully cooperate with the Receiver in connection with the Receiver's performance of his duties and are prohibited from interfering with the powers or duties of the Receiver. Borrowers are further prohibited from directing anyone to interfere, in any way, with the Receiver in the execution of this order.

8. The Receiver shall file written status and accounting reports with the Court every Six (6) months. The first report is due **September 27, 2023**.

9. The Receiver's fees shall be charged as: (a) $325 per hour for the Receiver, and (b) for any employees of Newpoint Advisors Corporation utilized by Receiver, $325-$295 per hour for Senior and Managing Directors, $275 per hour for Directors, $265-$225 for Associates, $200-$165 for Accounting/Bookkeeper, and $175 per hour for Administrator/Field Runner.

10. The Receiver's certificates shall constitute a first and prior lien on the Property.

11. The Receiver may authorize necessary improvements to the Property. The Receiver shall not make any improvements, repairs and/or remediations having a cost of $5,000.00 or more without first obtaining approval of Plaintiff. Court approval shall be required for repairs or maintenance with a cost greater than $10,000.00.

12. The Receiver has the power to procure or maintain appropriate utility services for the Property and to procure or maintain appropriate insurance coverage for the Property.

13. No Receiver's bond is required.

14. The Receiver shall have all powers to sell the Property and Collateral and may engage, at his discretion, a licensed broker to market and sell the Property, provided that any such sale shall be subject to prior approval by (a) Plaintiff, and (b) this Court, after notice and a hearing.

15. The Receiver may employ agents, attorneys, employees, clerks, accountants, and property managers to administer the receivership

estate, purchase materials, supplies and services, and shall do all things and incur the risks and obligations ordinarily incurred by owners, managers and operators of similar businesses and enterprises as such Receiver with the prior consent of Plaintiff. No such risk or obligation so incurred shall be the personal risk or obligation of this Receiver, but shall be the risk and obligation of the Property.

16. The Receiver shall take possession of and receive from all depositories, banks, brokerages and otherwise, any money on deposit in such institutions relating to the receivership estate and is empowered to open or close any such accounts. The Receiver shall deposit monies and funds collected and received in connection with the receivership estate at federally-insured banking institutions or savings associations, which are not parties to this case. Monies coming into the possession of the Receiver and not expended for any purposes herein authorized shall be held by the Receiver pending further orders of this Court.

**IT IS FURTHER ORDERED** that the Clerk of Court mail a copy of this Order to Defendant Mary Jo Neumann at the address listed on ECF No. 16.

Dated at Milwaukee, Wisconsin, this 27th day of March, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge