# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THE HUNTINGTON NATIONAL BANK,<br><br>    Plaintiff,<br><br>v.<br><br>LIGHTHART ENTERPRISES LLC, LIGHTHART HVAC INC., D.R. KOHLMAN, INC., and MARY JO NEUMANN,<br><br>    Defendants. | Case No. 22-CV-1406-JPS<br><br><br>**ORDER** |

  On June 6, 2023, the Court preliminarily approved a contract for the sale of real property commonly known as 1117 Church Street, Saint Cloud, Wisconsin 53079 (the "Real Estate") and certain equipment located therein (the "Equipment"), except the vehicles[1] (the "First Sale"), subject to a final confirmation of sale hearing. ECF No. 26. On June 27, 2023, the Court held a final confirmation of sale hearing, where the Court-appointed receiver, Matthew Brash (the "Receiver"), and counsel for Plaintiff appeared. ECF No. 29. No objectors or Defendants appeared, and Defendants did not

---

[1] The vehicles consist of the following: (1) 2004 Chevrolet Silverado; VIN: x1918 – SCRAP; (2) 2005 Chevrolet Colorado; VIN: x2753 – SCRAP; (3) 2005 Chevrolet Avalanche; VIN x6153; (4) 2012 Nissan NV3500 Cargo Van; VIN: x7882; (5) 2016 Chevrolet Express 2500 Cargo Van; VIN: x8831; (6) 2017 Chevrolet Express 3500 Cargo Van; VIN: x1442; (7) 2019 Dodge Ram ProMaster Cargo Van; VIN: x0843; and (8) 2019 Chevrolet Silverado 1500; VIN: x1848. ECF No. 31 at 2. All together, they will be referred to as the "Vehicles."

oppose the First Sale or the First Sale contract. *Id.*; ECF No. 26. The Court found at the hearing that the 28 U.S.C. § 2001(b) factors were met and confirmed the First Sale. ECF No. 29. The Court reiterated the same by written order dated July 5, 2023. ECF No. 30.

On July 17, 2023, the Court approved by written order a proposed sale of the Vehicles (the "Second Sale") and authorized the Receiver to proceed with the Second Sale. ECF No. 33 at 3–4 (quoting *N. Ave. Cap., LLC v. United States*, No. CV SAG-22-03240, 2023 WL 2864939, at *8 (D. Md. Apr. 10, 2023) (where parties "do not appear to dispute that the procedures for a court-ordered sale of real property pursuant to § 2001 are ill-suited to the disposition of a vast collection of personal property," the district court may "exercise its discretion to order the sale of [personal property] pursuant to procedures different than those specified by § 2001")).

On September 1, 2023, the Court granted by written order Plaintiff's motion for an order directing the Receiver to pay the proceeds of the First Sale to Plaintiff. ECF No. 34. The motion was unopposed, and the Court found that Plaintiff's interests were superior to all other interests in the Real Estate and that Plaintiff had perfected its lien in the Equipment. *Id.* at 2.

Now before the Court is Plaintiff's motion for an order directing the Receiver to distribute the proceeds of the Second Sale (of the Vehicles), which total $79,290.00, to Plaintiff. ECF No. 37. At the time that Plaintiff initially filed the motion, Plaintiff represented that Defendant D.R. Kohlman, Inc. opposed the motion. *Id.* at 2. Accordingly, the Court set a briefing schedule and stayed the deadline to file the Receiver's report in the interim. Sept. 28, 2023 Text Only Order. On October 2, 2023, Plaintiff filed

an unopposed motion to strike the briefing schedule on the grounds that Defendant D.R. Kohlman, Inc. had withdrawn its objection. ECF No. 38. Plaintiff reiterated that no defendants, including those who have not appeared in the action, oppose the motion. *Id.* The Court will grant the motion to strike and proceed to address the merits of the motion to distribute the proceeds of the Second Sale.

Plaintiff represents that Defendant Lighthart HVAC Inc. granted Plaintiff a security interest in the Vehicles. ECF No. 37 at 2; ECF No. 37-2. No other party has asserted a security interest or lien in the Vehicles. *Id.* Defendant D.R. Kohlman, Inc. has acknowledged that certain Vehicles valued at over $5,000 were pledged to Plaintiff. *Id.*; ECF No. 37-4. In light of all parties' agreement, together with Plaintiff's security interest in the Vehicles and the fact that no other party has asserted a security interest or lien in the Vehicles, the Court will grant the motion. *See Duff v. Cent. Sleep Diagnostics, LLC*, 801 F.3d 833, 841–42 (7th Cir. 2015) (courts must assess validity of liens in ordering distribution); *see also U.S. Commodity Futures Trading Comm'n v. AlphaMetrix, LLC*, No. 13 C 7896, 2015 WL 13653006, at *3 (N.D. Ill. Sept. 30, 2015) (considering creditor's objection prior to determining that the receiver's distribution plan was fair and equitable).

As to resolution of this case, the Court previously ordered Plaintiff to file dismissal paperwork once all the requirements with respect to the Second Sale are completed. ECF No. 33 at 4; ECF No. 36 at 2. The Court reiterates that order here. In order to bring this case to a conclusion, the Court will further grant Plaintiff's request that the Receiver file one final report within twenty-one (21) days of this Order.

Accordingly,

**IT IS ORDERED** that Plaintiff The Huntington National Bank's motion to strike the briefing schedule, ECF No. 38, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff The Huntington National Bank's motion for the Court-appointed receiver, Matthew Brash, to distribute the proceeds from the sale of the Vehicles, as defined *supra* note 1, to Plaintiff The Huntington National Bank, ECF No. 37, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Court-appointed receiver, Matthew Brash, is directed to pay $79,290.00, which are the proceeds from the sale of the Vehicles, as defined *supra* note 1, to Plaintiff The Huntington National Bank within **twenty-one (21) days** of the entry of this Order;

**IT IS FURTHER ORDERED** that the Court-appointed receiver, Matthew Brash, file one final report within **twenty-one (21) days** of the entry of this Order; and

**IT IS FURTHER ORDERED** that the parties file their motion discharge the Court-appointed receiver, Matthew Brash, as well as appropriate dismissal paperwork, as soon as practicable.

Dated at Milwaukee, Wisconsin, this 4th day of October, 2023.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge